22559

In the Matter of Richard C. BELL, Respondent.
(345 S. E. (2d) 475)

Supreme Court

*Atty. Gen. T. Travis Medlock, Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Asst. Atty. Gen. Ruby B. McClain,* Columbia, *for complainant.*

*Capers G. Barr, III,* of *Barr, Barr & McIntosh,* Charleston, *for respondent.*

Heard April 8, 1986.

Decided June 9, 1986.

*Per Curiam:*

This matter is before the Court as a result of a report of the Board of Commissioners on Grievances and Discipline. The Executive Committee has found Attorney-Respondent, Richard C. Bell, guilty of misconduct. We agree that he is guilty of misconduct but disagree with the sanction recommended.

The facts are not greatly in dispute. Curt O. Wood, Sr. and his wife, Jacqueline Wood, jointly owned a parcel of real estate subject to a mortgage. The mortgage holder brought an action to foreclosure. The Respondent represented Mr. Wood. Mrs. Wood was in default and did not participate in the foreclosure action. Respondent personally bought the property at the sale. It brought $5,197.43 more than required to extinguish all debts, claims, and costs. This amount remained in the escrow account of the Master-In-Equity for Dorchester County.

The Respondent, as attorney for Mr. Wood, petitioned the court to issue its Order providing that the funds be released by the Master and divided equally between his client and Mrs. Wood who was not represented and who lived in Maryland. The Circuit Court Judge issued his Order dated June 3, 1982, directing the Master-In-Equity to disburse two checks:

one in the amount of $2,598.71 to Mr. Wood and one for $2,598.72 to Mrs. Wood. The Respondent took both checks for transmittal to the parties even though he did not represent Mrs. Wood and even though she was an adversary to his client in impending domestic family court litigation.

About ten days later, Respondent transmitted Mrs. Wood's check to Attorney George Sink who did not represent her but who previously had served as her attorney in other matters. No good reason appears in the record for Respondent's assuming control of Mrs. Wood's check and delivering it to Attorney Sink unless, perhaps, he desired to help a fellow member of the Bar settle a fee dispute between him (Sink) and Mrs. Wood growing out of previous litigation. In so doing, he wrongfully took charge of money which was not his to control.

About two months after Respondent gave the check to Sink, Mr. and Mrs. Wood were in the Family Court of Dorchester County in a divorce proceeding. She was now represented by Mr. James Bell. Mr. Wood was represented by the Respondent, Richard C. Bell. Equitable distribution of marital property was one of the issues upon which the judge was required to rule. An Order of Divorce and equitable distribution was signed by the Family Court Judge October 1, 1982. Testimony was taken relative to the check Mrs. Wood was due from the foreclosure sale. She testified that she had not received the same, and Mr. Wood contended that she had. The check was at that time in the possession of Mr. Sink; but apparently, neither Mrs. Wood nor Respondent advised the Family Court Judge of this fact.

Reference to the mortgage foreclosure by the Family Court Judge is made as follows:

> The Petitioner [Mr. Wood] testified that from the proceeds of the foreclosure sale the sum of Five Thousand ($5,000.00) was left which he stated he divided with the Respondent; however, Respondent denied ever receiving the money. Further, from the value of the lots as testified to there was a twelve thousand dollars ($12,000.00) loss as a result of the foreclosure sale.

Promptly after the divorce decree was signed, Attorney Sink returned the check of Mrs. Wood to the Respondent who

took it back to the Master-In-Equity and had him reissue the check to his client. The Master voided Mrs. Wood's check, issued another check to Mr. Wood for the same amount, and delivered it to the Respondent. This was in violation of the foreclosure Order. Respondent then deposited this check in his trust account, retained $1,300 for payment of his legal fee for representing Mr. Wood, and gave the remaining amount to his own client.

We find no justification for Respondent's assuming control of Mrs. Wood's money. He argues that, from the language quoted above, it was the intent of the Family Court Judge that his client, Mr. Wood, have Mrs. Wood's cash. This is a strained construction of the Order and we reject Respondent's interpretation as any semblance of an excuse for depriving Mrs. Wood of monies which the Circuit Court Judge ordered her to have. Nearly four years later Mrs. Wood still has not been paid. She is entitled to be made whole. It is the Order of the Court that the Respondent pay to her, within thirty (30) days from notice of our Clerk, the sum of $2,598.72 with interest compounded annually at the rate of 8 percent from July 2, 1982, to date of payment, plus all costs and expenses she has incurred incident to her participation in this proceeding. She will submit her bill for her costs and expenses for approval to the Clerk of this Court who will advise Respondent of the total amount. The check shall be payable to Mrs. Wood but delivered to the Clerk.

We agree with the Executive Committee that the actions of the Respondent, herein recited, amount to misconduct which is prejudicial to the administration of justice and adversely reflects on his fitness to practice law in violation of Rule 32 DR1-102(A)(5) and (6). We think however, the appropriate sanction is a public reprimand.

Attorney Richard C. Bell therefore stands publicly reprimanded by this Court in accordance with Rule 7 A(4) of the Supreme Court Rules on Disciplinary Procedure.

CHANDLER, J., not participating.

NESS, Chief Judge and LITTLEJOHN, (dissenting):

We agree that the Respondent is guilty of misconduct. We disagree as to the appropriate sanction. The Constitution

imposes upon this Court "... jurisdiction over the admission to practice law and the discipline of persons admitted." Necessarily included within this authority is the supervision of the conduct of attorneys as they pursue their profession in the practice of law. The Bar should be alerted by a more serious sanction that conduct such as that involved here will not be tolerated. We would suspend this attorney from the practice of law for a period of one (1) year.