571 S.E.2d 294

**In the Matter of Richard C. BELL, Respondent.**

**No. 25533.**

Supreme Court of South Carolina.

Submitted Sept. 9, 2002.

Decided Oct. 14, 2002.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Richard C. Bell, of San Antonio, TX, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction ranging from a public reprimand to a definite suspension. We accept the agreement and issue a two-year definite suspension, but decline to run the two year suspension concurrent with the nine

month suspension imposed on respondent in 1998.[1] The facts as admitted in the agreement are as follows.

## *Facts*

This is the third occasion in which the Court has sanctioned respondent. In addition to the nine month suspension imposed in 1998, this Court has publicly reprimanded respondent. *In re Bell,* 289 S.C. 290, 345 S.E.2d 475 (1986).

### *Judge Foster Matter*

Respondent was an officer of A Loving Choice Adoption Agency, Inc. (Loving Choice). Loving Choice was pursuing an adoption case before Judge Foster on December 29, 1998. As required by law, Loving Choice was required to submit an accounting of all expenses paid during the adoption. Loving Choice submitted an accounting, and it was discovered that a check in the amount of $500 had been paid to respondent as an attorney.

Judge Thomas was aware that the Court suspended respondent from the practice of law on July 20, 1998, and informed the Commission on Lawyer Conduct that respondent had accepted $500 while being suspended from the practice of law. The Commission sent respondent a copy of Judge Foster's complaint, and inquired as to whether respondent had received money for practicing law during his suspension. The Commission requested that respondent provide written documentation related to the $500 payment.

Respondent explained that he received the $500 payment prior to his suspension but that he could not locate any documentation supporting his claim. Because respondent could not produce documentation supporting his claim, the Commission concluded that respondent had violated Rule 417, SCACR. Specifically, respondent failed to keep copies of accountings to clients or third persons; failed to keep copies of bills for legal fees and expenses rendered to clients; and failed to keep copies of records showing disbursements on behalf of clients.

---

1. *In re Bell,* 332 S.C. 6, 503 S.E.2d 731 (1998).

### Samuel Crews and Lyn Howell Hensel Matter

Samuel Crews represented a couple seeking an adoptive family for their child. Crews' clients chose an adopting family who were represented by Lyn Howell Hensel. Hensel's clients paid Crews' clients' expenses during the pregnancy; however, Crews' clients decided that they did not want Hensel's clients adopting their child.

Crews' clients selected another adopting family through Loving Choice. Respondent represented to Crews that he was Loving Choice's attorney. As a result, Crews repeatedly requested that respondent identify the new adoptive family, identify the new adoptive family's attorney, and inform him of the location of the eventual adoption hearing. Mr. Crews also repeatedly requested that respondent reimburse him for the attorney's fee expended by Crews, as well as the expenses paid by Hensel's clients.

Respondent never reimbursed Crews' attorney's fee, nor did respondent pay the expenses incurred by Hensel's clients.

### Client Matter

Clients entered into an agreement with Loving Choice to assist them with the adoption of a child, and retained respondent to represent them. Prior to representing clients, respondent informed clients that he was married to the director of Loving Choice and that he was Loving Choice's attorney. Respondent further informed clients that a conflict of interest may arise, and if a conflict of interest did arise, he would withdraw from representing clients and Loving Choice in the matter.

Clients paid Loving Choice $6,000. Loving Choice located a birth mother for clients; however, when the baby was born, the birth mother elected not to proceed with the adoption. Loving Choice refunded $1,843.87 to clients.

Loving Choice then located another birth mother for clients. An employee of Loving Choice or respondent informed clients that the child would be born on June 6, 1997. In May 1997, respondent informed clients that the baby would be born in September 1997 or November 1997. In June 1997, respondent informed clients that the baby would be born on September 13, 1997.

Sometime in October or November of 1996, clients requested the birth mother's medical records from Loving Choice. On March 12, 1997, clients contacted respondent, and he informed them that the birth mother had been examined by a doctor in Clark's Hill. This information was false.

In June 1997, clients received a copy of birth mother's medical records. The medical records evidenced that the birth mother had a greater number of prior pregnancies than represented by Loving Choice. The medical records also suggested contradictory due dates for the birth of the baby. The medical records contained a document showing that the birth mother tested positive for pregnancy on January 15, 1997, that she was nineteen and one-half weeks pregnant, and that her delivery date was June 17, 1997. This document was a forgery. The birth mother was not pregnant on January 15, 1997, and no pregnancy test had been performed.

Respondent acknowledged the discrepancies in the medical records, offered regret, and concluded, "[t]he fact seems to be that the [birth mother] is pregnant [and] will deliver a healthy baby in September." Respondent then informed clients that if they wanted to follow through with the adoption, they would be required to remit $4,915.75 to bring their account current and remit another payment of $6,329 by July 13, 1997. Clients responded by informing respondent that they did not want to adopt the baby, but asked respondent to locate another birth mother. Clients also requested that respondent refund the money they paid, $12,015. Loving Choice refunded $12,000 to clients.

Clients also requested that respondent provide them with an expense statement and a copy of the bills showing how their money was spent during the failed adoption. Respondent never provided clients with this information.

Respondent failed to disclose the pitfalls associated with the representation of multiple clients. Respondent also failed to disclose actual or potential conflicts of interest to clients, and he failed to explain whose interests he represented. Moreover, when a conflict of interest arose between clients and Loving Choice, respondent failed to explain the conflict of interest to clients, and he did not withdraw from representa-

tion as he indicated that he would. Furthermore, respondent did not disclose to clients the advantages and risks involved in an adoption proceeding.

## *Law*

As a result of his conduct, respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent); Rule 1.7 (a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client); and Rule 8.4(d) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

Respondent has also violated Rule 7(a)(5) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR; by engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute.

Finally, respondent admits that he violated the financial record keeping requirements found in Rule 417, SCACR.

## *Conclusion*

We find that respondent's misconduct warrants a two-year suspension. We therefore accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for two years. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT, and PLEICONES, JJ., concur.